# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

**ADRIEL JOHNSON**
368 East 96th Street, Apt 1F
Brooklyn, NY 11212
347-712-8287
ajdapperdun@gmail.com

*Plaintiff, Pro Se,*

v.

**MERRICK BANK CORPORATION**
P.O. Box 5000
Draper, UT 84020

**EQUIFAX INFORMATION SERVICES, LLC**
P.O. Box 740256
Atlanta, GA 30374-0256

**TRANSUNION LLC**
P.O. Box 2000
Chester, PA 19016

**TRUEACCORD CORP.**
16011 College Blvd, Suite 130
Lenexa, KS 66219

*Defendants.*



**CV 26- 1401**

RECEIVED
MAR 11 2026
PRO SE OFFICE

**MORRISON, J.**
**ESHKENAZI, M.J.**

**Case No.**

**COMPLAINT FOR DAMAGES UNDER THE FAIR CREDIT REPORTING ACT AND FAIR DEBT COLLECTION PRACTICES ACT**
**DEMAND FOR JURY TRIAL**

REC'D IN PRO SE OFFICE
MAR 11 '26 AM11:02

(Trans Union) 555 W. Adams ST. Chicago, IL 60661



(EquiFax) 1550 Peachtree, Street N.W. Atlanta, GA 30309

(Merrick Bank), 10705,S Jordan Gtwy, Ste 200, South Jordan, UT 84095 - 3977

(True Accord corp)
     16011 College Blvd, Suite 130
     Lenexa, KS 66216

# I. NATURE OF THE ACTION

Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., seeking damages for Defendants' willful and negligent violations of federal consumer protection laws.

# II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p and § 1692k(d). Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events occurred here.

# III. PARTIES

Plaintiff ADRIEL JOHNSON is a natural person residing in Brooklyn, NY, and is a "consumer" under 15 U.S.C. § 1681a(c) and § 1692a(3).
Defendants are entities regularly engaged in furnishing or reporting consumer credit information or collecting debts, and are subject to the FCRA and FDCPA.

# IV. FACTUAL ALLEGATIONS

### A. Contradictory Reporting of Merrick Bank Account

- Merrick Bank reported Plaintiff's account as "charged off" while simultaneously placing it with TrueAccord for active collection.
- A charge-off indicates the debt is written off as uncollectible. Active collection contradicts this status and violates FCRA § 623(a)(1).
- Plaintiff provided Equifax and TransUnion with a TrueAccord collection notice dated December 20, 2024, proving active collection of the charged-off account.

### B. Mathematical and Timeline Impossibilities

- Balance: $1,831.00
- Credit Limit: $1,400.00
- Available Credit: -$431.00 (impossible)
- Account closed: April 26, 2023

- Charge-off activity: July 31, 2023
- Last payment: December 21, 2022
- Maximum delinquency: 120 days in May and June 2023

These contradictions violate FCRA § 1681e(b) and § 611(a)(1)(A).

## C. Account Number Discrepancies

- Merrick Bank reports account #542539506326****
- TrueAccord references account ending in 4105
- This mismatch violates FCRA and FDCPA standards for accurate identification

## D. Excessive Interest Charges

- TrueAccord charged $506.17 in interest on a $1,325.47 balance over 17 months (~38% interest)
- This may exceed legal interest rate limits and violates FDCPA § 1692f

## E. Chain of Title and Validation Failures

- No documentation shows how or when the debt was legally transferred from Merrick Bank to TrueAccord
- TrueAccord failed to provide full debt validation upon request, violating FDCPA § 809(b)

## F. Equifax's Refusal to Investigate

- On June 24, 2025, Equifax rejected Plaintiff's dispute as "frivolous," despite receiving:
    - Merrick Bank's admission of error (AUD #11022189)
    - TrueAccord's collection notice
    - Credit reports showing mathematical impossibilities

## G. Mischaracterization of Dispute as Identity Theft

- Merrick Bank falsely categorized Plaintiff's dispute as an "identity theft claim," despite Plaintiff never asserting such a claim.
- This misrepresentation served to deflect from the actual documented inaccuracies and triggered irrelevant procedures.
- Merrick's response constitutes a failure to conduct a reasonable reinvestigation under FCRA § 611(a)(1)(A) and demonstrates bad faith.

## H. Documented Financial Harm

Plaintiff suffered:

- **Business Loan Denials**: Multiple rejections from lenders due to derogatory credit reporting
- **Personal Loan Denials**: Denials for emergency and personal credit lines
- **Lost Business Growth**: Inability to secure financing to expand operations
- **Credit Score Suppression**: Artificially low score due to false reporting
- **Emotional Distress**: Anxiety, sleep deprivation, and stress from financial instability

# V. CLAIMS FOR RELIEF

## COUNT I – WILLFUL FCRA VIOLATIONS (15 U.S.C. § 1681n)

**Against Merrick Bank, Equifax, TransUnion**

Defendants willfully failed to report accurate information and conduct reasonable investigations.

## COUNT II – NEGLIGENT FCRA VIOLATIONS (15 U.S.C. § 1681o)

**Against Merrick Bank, Equifax, TransUnion**

Defendants negligently maintained and reported inaccurate information.

## COUNT III – FDCPA VIOLATIONS (15 U.S.C. § 1692e, § 809, § 1692f)

**Against TrueAccord Corp.**

TrueAccord misrepresented the debt, charged excessive interest, and failed to validate the debt.

## COUNT IV – BREACH OF DUTY TO INVESTIGATE

**Against Equifax and TransUnion**

Defendants failed to investigate documented disputes and continued reporting false information.

# VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Declaration that Defendants violated the FCRA and FDCPA
B. Immediate deletion of inaccurate credit information
C. Actual damages of not less than $50,000
D. Statutory damages under 15 U.S.C. § 1681n and § 1692k

E. Punitive damages for willful violations
F. Attorney's fees and costs
G. Any other relief the Court deems just and proper

# VII. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted,**
**Adriel Johnson**
*Pro Se Plaintiff*
Brooklyn, NY
**Dated:** September 13, 2025

# VERIFICATION

I, ADRIEL JOHNSON, verify under penalty of perjury that the facts in this Complaint are true and correct to the best of my knowledge.

**Adriel Johnson**
**Dated:**  3 – 11 – 26

Revised 12.10.2025; Effective 12.10.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Adriel Johnson
368E 96st brooklyn nyc ap 1F

## DEFENDANTS

TrueAccord Corp. – 16011 College Blvd, Suite 130, Lenexa, KS 66219

**(b)** County of Residence of First Listed Plaintiff  Adrieljohnson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   True Accord CORP
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

Unknown at filing

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee * | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
fair credit reporting Act,15 U.S.C 1681 Et seq.) ( fair debt collection practices Act,15 u,s,c 1692 et seq)

Brief description of cause:
violations of federal consumer protection laws through inaccurate credit reporting, failure to investigate disputes, misrepresentation of debt

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
$50K +

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration    No ▼

I, _____ , counsel for_____ , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐   monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☐   the complaint seeks injunctive relief, or

☐   the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you **must select Office Code 2**.*

1.   Is the action being removed from a state court that is located in Nassau or Suffolk County?  No ▼

2.   In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?  No ▼

3.   If you answered "No" to all parts of Questions 1 and 2:

   a.   Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?  No ▼

   b.   Do the majority of defendants reside in Nassau or Suffolk County?  No ▼

   c.   Is a substantial amount of any property at issue located in Nassau or Suffolk County?  No ▼

4.   If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County?  No ▼
(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).

## PART E - BAR ADMISSION

**1.** I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. No ▼

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?  No ▼   If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No ▼    2. Does this case require immediate attention of a judge? No ▼

**Check Form to Validate Before Signing**

I certify the accuracy of all information provided above.

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Signature: _____    Date:_____

Revised 12.10.2025; Effective 12.10.2025                    PAGE TWO OF TWO

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| ADRIEL JOHNSON 368 East 96th Street, Apt 1F Brooklyn, NY 11212 347-712-8287 ajdapperdun@gmail.com <br><br> *Plaintiff(s)* <br><br> v. <br><br> TRUEACCORD CORP. 16011 College Blvd, Suite 130 Lenexa, KS 66219 <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   TRUEACCORD CORP. 16011 College Blvd, Suite 130 Lenexa, KS 66219

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                        *Server's signature*


                                   _____

                                        *Printed name and title*


                                   _____

                                        *Server's address*

Additional information regarding attempted service, etc: